ANDREW WONG (218398)
JONES VARGAS
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, Nevada 89169
Telephone: (702) 862-3300
Facsimile:  (702) 737-7705

Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

FILED
2008 MAY -9  A 10: 49
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR
E-FILING

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCILE SALTER PACKARD CHILDREN'S HOSPITAL AT STANFORD,<br><br>Plaintiff<br><br>vs.<br><br>HEALTH PLAN OF NEVADA, INC.; and DOES 1 THROUGH 25, INCLUSIVE<br><br>Defendants | CASE NO.<br><br>NOTICE OF REMOVAL<br><br>C 08 02391 PVT |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Health Plan of Nevada, Inc. ("HPN"), by and through its counsel Andrew Wong, hereby removes the above-captioned action to this Court. The grounds for removal are as follows:

1. On or about March 21, 2008, plaintiff filed the above-captioned lawsuit in the Superior Court of California for the County of Santa Clara. The suit was given Case No. 108CV108771.

2. HPN was named as a defendant in plaintiff's complaint.

3. On or about April 10, 2008, HPN was provided a copy of plaintiff's complaint. See Exhibit "A."

4. As alleged in paragraph 1 of its complaint, plaintiff is a California Corporation, with its principal place of business in the City of Palo Alto, County of Santa Clara, State of California.

5. As alleged in paragraph 2 of plaintiff's complaint, HPN has its principal place of business in Las Vegas, County of Clark, Nevada. Furthermore, HPN is a Nevada Corporation. <u>See</u> Exhibit "B."

6. The amount in controversy of this action exceeds $75,000, exclusive of costs and fees. According to plaintiff's complaint, plaintiff is seeking $99,990.34 and $132,843.34 in damages.

7. This action is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441.

8. This complaint is the only pleading received by HPN in this matter.

DATED:    May 8, 2008

JONES VARGAS

By: _____
ANDREW WONG, ESQ.
Attorneys for Defendant
HEALTH PLAN OF NEVADA, INC.

JONES VARGAS
3773 Howard Hughes Parkway - Third Floor South
Las Vegas, Nevada 89169
Tel: (702) 862-3300   Fax: (702) 737-7705

# EXHIBIT "A"

```
 1  STEPHENSON, ACQUISTO & COLMAN
    JOY Y. STEPHENSON, ESQ. (SBN 113755)
 2  BARRY SULLIVAN, ESQ.    (SBN 136571)
 3  GREGORY C. LEHMAN ESQ.(SBN 199515)
    303 N. Glenoaks Blvd., Suite 700
 4  Burbank, CA 91502
 5
    Telephone:  (818) 559-4477
 6  Facsimile:  (818) 559-5484
 7  Attorneys for Plaintiff
 8  LUCILE SALTER PACKARD CHILDREN'S
    HOSPITAL AT STANFORD
 9
10            SUPERIOR COURT OF CALIFORNIA
11            FOR THE COUNTY OF SANTA CLARA
12                   UNLIMITED JURISDICTION
13
                                    108 CV 108771
14  LUCILE SALTER PACKARD      Case No.:
    CHILDREN'S HOSPITAL AT
15  STANFORD, a California nonprofit  COMPLAINT FOR DAMAGES FOR:
16  corporation,
                                1.  BREACH OF WRITTEN
17           Plaintiff,             CONTRACT;
18      vs.                     2.  NEGLIGENT
19                                  MISREPRESENTATION; AND,
    HEALTH PLAN OF NEVADA, INC.,
20  a Nevada for profit corporation; and  3.  COMMON COUNTS.
    DOES 1 THROUGH 25, INCLUSIVE
21
22           Defendants
23
24
25
26  ////
27  ////
28  ////
```



(stamps: FILED; 2008 MAR 21 PM 2:04; B. CHOPOFF; ENDORSED Santa Clara 03/21/08 3:15pm; Kiri Torre, Chief Executive Offic; By: bettyc DTSCIV0101; R#200800029640; CK $320.00; TL $320.00; Case: 1-08-CV-108771)

3848 complaint final.doc

**BY FAX**

- 1 -

COMPLAINT FOR DAMAGES FOR: 1. BREACH OF WRITTEN CONTRACT; 2. NEGLIGENT MISREPRESENTATION; 3. COMMON COUNTS.

## PARTIES

1. Plaintiff Lucile Salter Packard Children's Hospital At Stanford ("Hospital") is a nonprofit corporation organized and existing pursuant to the laws of the State of California. Hospital has its principal place of business in the City of Palo Alto, County of Santa Clara, State of California. Hospital renders medically necessary care to patients.

2. Defendant Health Plan Of Nevada, Inc. ("HPN") is a for profit corporation organized and existing pursuant to the laws of the State of California. HPN has its principal place of business in Las Vegas, County of Clark, Nevada.

3. Hospital is unaware of the true names and capacities, whether corporate, associate, individual, partnership or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Hospital will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

4. HPN and Does 1 through 25, inclusive, shall be collectively referred to as HPN.

5. Defendants, and each of them, at all relevant times, have transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

6. At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the

3848 complaint final.doc    - 2 -    COMPLAINT FOR DAMAGES FOR: 1. BREACH OF WRITTEN CONTRACT; 2. NEGLIGENT MISREPRESENTATION; 3. COMMON COUNTS.



other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

7.  At all relevant times, Hospital and HPN had entered into a Letter of Agreement ("LOA") regarding the provision of heart transplant services to E.B. (initials used for privacy reasons), an enrollee of an HPN health plan.

8.  Under the LOA, Hospital agreed to render medically necessary care to E.B.; in exchange, HPN agreed to pay Hospital the negotiated rates pursuant to the terms of the LOA for that care. In general, the negotiated rates under the LOA provided for medically necessary care to be paid at a discount off of Hospital's usual and customary total billed charges. Under the LOA, Hospital agreed to submit bills to HPN and/or HPN's agent reflecting Hospital's usual and customary total billed charges associated with rendering medically necessary care to E.B.. In exchange, HPN agreed to process and pay such claims according to the LOA (*i.e.*, Hospital's usual and customary total billed charges less a specified discount).

9.  On or about January 12, 2005, an employee of LIFETRAC NETWORK ("Lifetrac"), which corporation was either an agent of HPN, or the agent of an agent of HPN, verified that E.B. was enrolled in HPN's health plan and authorized medical treatment for that patient. In doing so, that agent provided an authorization number of: 050120419.



10. Hospital admitted E.B. on January 12, 2005, and discharged that patient on January 28, 2005. During that stay, Hospital rendered medically necessary care to E.B.

11. Hospital's usual and customary total billed charges for rendering the medically necessary care to E.B. from January 12, 2005 through January 28, 2005 amounted to $132,843.34. Thus, according to the LOA, Hpn owed Hospital a balance of $92,990.34, after application of the LOA discount.

12. On or about February 2, 2005, Hospital submitted the final bill regarding E.B. to Lifetrac for payment by HPN, which bill reflected Hospital's usual and customary total billed charges of $132,843.34.

13. HPN paid Hospital nothing for the medically necessary care rendered to E.B. HPN refused to pay on the basis that the patient, and/or the patient's family, refused to respond to requests for information regarding the existence of other insurance coverage.

14. However, HPN failed to pay Hospital for the remaining balance of $92,990.34 for the medically necessary care rendered to E.B. pursuant to the LOA's rates, despite demands thereof (the "Contract Amount Due").

15. Hospital reasonably relied on HPN's agent's (and/or HPN's agent's agent's) representations that: i) E.B. was an enrollee of HPN's health plan, and, ii) that Hospital would be paid pursuant to the negotiated rates within the LOA – and thus was induced to not make other financial arrangements to obtain payment for the medically necessary care eventually rendered to E.B.

16. Hospital has now exhausted all available administrative remedies to appeal HPN's refusal to pay the Contract Amount Due for the medically necessary care rendered to E.B.

## FIRST CAUSE OF ACTION
(Breach of Written Contract)
(Against defendant HPN
(and/or including Does 1 through 25, inclusive))

17. Hospital incorporates by reference and re-alleges paragraphs 1 through 16 here as though set forth in full.

18. As stated above, under the LOA, Hospital agreed to render medically necessary care to E.B., an individual enrollee in HPN's health plan; in exchange for which HPN agreed to pay Hospital pursuant to the negotiated rates under the LOA.

19. Hospital performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the LOA.

20. Hospital demanded HPN to perform its obligations to pay Hospital the Contract Amount Due for the medically necessary care rendered to E.B.

21. HPN breached the LOA by failing to pay Hospital the Contract Amount Due.

22. As a result of the breach by HPN Hospital suffered damages in the sum of $92,990.34.

### SECOND CAUSE OF ACTION
(Negligent Misrepresentation)
(Against defendants HPN
(and/or including Does 1 through 25, inclusive))

23. Hospital incorporates by reference and re-alleges paragraphs 1 through 16 here as though set forth in full.

24. As stated above, under the LOA, Hospital agreed to render medically necessary care to the individual enrollees of HPN's health plan; in exchange for which HPN agreed to pay Hospital pursuant to the negotiated rates under the LOA.

25. On or about January 12, 2005, either HPN or an employee of Lifetrac (who was HPN's agent and/or HPN's agent's agent) informed Hospital that E.B. was an individual enrollee in a health plan sponsored by HPN, and thereby represented to Hospital that HPN would pay Hospital's usual and customary total billed charges associated with rendering medical care to E.B. less a discount per the LOA.

26. Those representations were false (or were made without a reasonable basis for believing them to be true) in that HPN had no intention to adhere to the LOA and pay Hospital's usual and customary total billed charges associated with rendering medical care to E.B. less a discount per the LOA.

27. HPN intended Hospital to rely on those aforementioned misrepresentations to induce Hospital to render medical care to E.B. and abjure from making alternative financial arrangements with the patient.

28. Hospital reasonably relied on those misrepresentations.

29. HPN refused and continues to refuse to pay Hospital the full amount due or even the lesser Contract Amount Due despite the earlier representations of HPN's agent, and/or HPN's agent's agent, to the contrary.

30. As a direct and proximate result of the aforementioned misrepresentations, Hospital was obstructed from pursuing other avenues of reimbursement, rendered medical care on false pretenses, and has suffered substantial detrimental damages in the sum of $92,990.34, representing Hospital's usual and customary total billed charges ($132,843.34) minus discounts applied as set forth in the LOA.

### THIRD CAUSE OF ACTION
(Common Counts)
(Against defendants HPN
(and/or including Does 1 through 25, inclusive))

31. Hospital incorporates by reference and re-alleges paragraphs 1 through 16 here as though set forth in full.

32. HPN and/or its agents (or its agent's agents) requested, by words or conduct, that Hospital perform services for the benefit of HPN.

33. Hospital performed the services as requested.

34. HPN has not paid Hospital for the value of the services.

35. The unpaid remaining amount for the value of the services provided is $132,843.34.

## PRAYER FOR RELIEF

**WHEREFORE**, Hospital prays for judgment as follows:

For the First and Second Causes of Action:

1. for the principal sum of $92,990.34;

2. for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

For the Third Cause of Action:

3. for the principal sum of $132,843.34;

4. for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289.

///

Dated: 21 March 2008

                              STEPHENSON, ACQUISTO & COLMAN

                              GREGORY C. LEHMAN
                                   Attorneys for
                           LUCILE SALTER PACKARD
                           CHILDREN'S HOSPITAL AT
                                  STANFORD

3848 complaint final.doc       -9-      COMPLAINT FOR DAMAGES FOR: 1. BREACH OF WRITTEN CONTRACT; 2. NEGLIGENT MISREPRESENTATION; 3. COMMON COUNTS.

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**    CASE NUMBER:
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113                **1·08 CV 108771**

**READ THIS ENTIRE FORM**

_PLAINTIFFS_ (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint_, _Summons_, an _Alternative Dispute Resolution (ADR) Information Sheet_, and a copy of this _Civil Lawsuit Notice_, and you must file written proof of such service.

> _DEFENDANTS_ (The person(s) being sued): You must do each of the following to protect your rights:
>
> 1. You must file a written response to the _Complaint_, in the Clerk's Office of the Court, within 30 days of the date the _Summons_ and _Complaint_ were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> Warning: If you do not do these three things, you may automatically lose this case.

_RULES AND FORMS:_ You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.scscourt.org/civil/rule1toc.htm
- Rose Printing: 408-293-8177 or beckyr@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_ You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.

> You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

| | |
|---|---|
| Your Case Management Judge is: **Kevin Murphy** | Department: **22** |
| The 1st CMC is scheduled for: (Completed by Clerk of Court) | |
| Date: **AUG 1 2 2008**  Time: **3:00pm** | in Department **22** |
| The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed) | |
| Date: _____  Time: _____ | in Department _____ |

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scscourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012    **CIVIL LAWSUIT NOTICE**    Page 1 of 1
Rev. 07/01/07

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

- Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

- Mediation may be appropriate when:
    - The parties want a non-adversary procedure
    - The parties have a continuing business or personal relationship
    - Communication problems are interfering with a resolution
    - There is an emotional element involved
    - The parties are interested in an injunction, consent decree, or other form of equitable relief.

-over-

ALTERNATIVE DISPUTE RESOLUTION INFORMATION SHEET/ CIVIL DIVISION

CV-5003 REV 6/06

# EXHIBIT "B"

# HEALTH PLAN OF NEVADA, INC.

| Business Entity Information | | | |
|---|---|---|---|
| Status: | Active | File Date: | 5/24/1984 |
| Type: | Domestic Corporation | Corp Number: | C3649-1984 |
| Qualifying State: | NV | List of Officers Due: | 5/31/2008 |
| Managed By: | | Expiration Date: | |

| Resident Agent Information | | | |
|---|---|---|---|
| Name: | WAYNE R. NIPPE | Address 1: | 2724 NORTH TENAYA WAY |
| Address 2: | | City: | LAS VEGAS |
| State: | NV | Zip Code: | 89128 |
| Phone: | | Fax: | |
| Email: | | Mailing Address 1: | |
| Mailing Address 2: | | Mailing City: | |
| Mailing State: | | Mailing Zip Code: | |

| Financial Information | | | |
|---|---|---|---|
| No Par Share Count: | 0 | Capital Amount: | $ 5,000,000.00 |
| Par Share Count: | 2,500.00 | Par Share Value: | $ 2,000.00 |

| Officers | | | ☐ Include Inactive Officers |
|---|---|---|---|
| Director - MARC R BRIGGS | | | |
| Address 1: | 2716 N TENAYA WAY | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89128 | Country: | |
| Status: | Active | Email: | |
| President - JONATHON W BUNKER | | | |
| Address 1: | 2720 N TENAYA WAY | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89128 | Country: | |
| Status: | Active | Email: | |
| Secretary - WAYNE R NIPPE | | | |
| Address 1: | 2724 N TENAYA WAY | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89128 | Country: | |
| Status: | Active | Email: | |
| Treasurer - JOHN F OKITA | | | |
| Address 1: | 2720 N TENAYA WAY | Address 2: | |
| City: | LAS VEGAS | State: | NV |
| Zip Code: | 89128 | Country: | |
| Status: | Active | Email: | |

| Actions\Amendments | | | |
|---|---|---|---|
| Action Type: | Articles of Incorporation | | |
| Document Number: | C3649-1984-001 | # of Pages: | 0 |
| File Date: | 05/24/1984 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Resident Agent Change | | |
| Document Number: | C3649-1984-003 | # of Pages: | 1 |

| File Date: | 09/17/1985 | Effective Date: | |
|---|---|---|---|
| CORPORATION TRUST CO. OF NEVADA SUITE 1600 | | | |
| ONE EAST FIRST STREET RENO NV 89501 | | | |
| Action Type: | Resident Agent Address Change | | |
| Document Number: | C3649-1984-004 | # of Pages: | 1 |
| File Date: | 05/12/1987 | Effective Date: | |
| ANTHONY M. MARLON | | | |
| 888 S. RANCHO DR LAS VEGAS NV 89101 | | | |
| Action Type: | Amendment | | |
| Document Number: | C3649-1984-005 | # of Pages: | 1 |
| File Date: | 11/30/1987 | Effective Date: | |
| AGREEMENT OF MERGER: MERGING FOUNDATION HEALTH PLAN, (A NEVADA CORP.),#5474-84 | | | |
| INTO THIS CORP... | | | |
| Action Type: | Resident Agent Change | | |
| Document Number: | C3649-1984-006 | # of Pages: | 1 |
| File Date: | 05/31/1988 | Effective Date: | |
| ANTHONY M. MARLON 333 N. RANCHO DR. | | | |
| P.O. BOX 15645 LAS VEGAS NV 89114 | | | |
| Action Type: | Amendment | | |
| Document Number: | C3649-1984-007 | # of Pages: | 1 |
| File Date: | 09/08/1994 | Effective Date: | |
| CAPITAL STOCK WAS 2,500 NO PAR SHARES P T | | | |
| CERTIFICATE OF AMENDMENT FILED AMENDING ARTICLE FOURTH - STOCK. (2) PGS. | | | |
| P T | | | |
| Action Type: | Resident Agent Change | | |
| Document Number: | C3649-1984-008 | # of Pages: | 1 |
| File Date: | 05/06/1997 | Effective Date: | |
| FRANK E. COLLINS | | | |
| 2724 N. TENAYA WAY LAS VEGAS NV 89128 EJF | | | |
| Action Type: | Annual List | | |
| Document Number: | C3649-1984-012 | # of Pages: | 2 |
| File Date: | 07/21/1998 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | C3649-1984-011 | # of Pages: | 3 |
| File Date: | 05/13/1999 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | C3649-1984-013 | # of Pages: | 3 |
| File Date: | 04/14/2000 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | C3649-1984-009 | # of Pages: | 3 |
| File Date: | 05/09/2001 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | C3649-1984-010 | # of Pages: | 3 |
| File Date: | 04/29/2002 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | C3649-1984-014 | # of Pages: | 4 |
| File Date: | 06/26/2003 | Effective Date: | |
| (No notes for this action) | | | |

| Action Type: | Annual List | | |
|---:|:---|---:|:---|
| Document Number: | C3649-1984-002 | # of Pages: | 4 |
| File Date: | 04/13/2004 | Effective Date: | |
| List of Officers for 2004 to 2005 | | | |
| Action Type: | Annual List | | |
| Document Number: | 20050143810-44 | # of Pages: | 3 |
| File Date: | 04/21/2005 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20060253092-99 | # of Pages: | 1 |
| File Date: | 04/21/2006 | Effective Date: | |
| (No notes for this action) | | | |
| Action Type: | Annual List | | |
| Document Number: | 20070395738-24 | # of Pages: | 2 |
| File Date: | 05/22/2007 | Effective Date: | |
| 2007-2008 | | | |

JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Lucile Salter Packard Children's Hospital at Stanford | Health Plan of Nevada, Inc; and Does 1 Through 25, Inclusive |

C08-02391 PVT

ADR E-FILING

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stephenson, Acquisto & Colman, 303 N. Glenoaks Blvd., Suite 700, Burbank, CA 91502 (818) 559-4477

ATTORNEYS (IF KNOWN)
Jones Vargas, 3773 Howard Hughes Parkway, Las Vegas NV 89169 (702) 862-3300

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [x] 1 | Incorporated or Principal Place of Business In This State | [x] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] Original Proceeding
- [x] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transfered from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [x] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury Med Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 640 RR & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth In Lending | [ ] 690 Other | | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders Suits | [ ] 355 Motor Vehicle Product Liabiltiy | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| | | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence Habeas Corpus: | [ ] 791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 530 General | | [ ] 870 Taxes (US Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 445 Amer w/ disab - Empl | [ ] 555 Prison Condition | | | |
| | [ ] 446 Amer w/ disab - Other | | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

1. Breach of Written Contract
2. Common Counts - Goods and Services Rendered

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ _____
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] YES [x] NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [ ] SAN FRANCISCO/OAKLAND
- [x] SAN JOSE

DATE: 5/8/08

SIGNATURE OF ATTORNEY OF RECORD