1  STEPHENSON, ACQUISTO & COLMAN
2  JOY Y. STEPHENSON, ESQ.  (SBN 113755)
   BARRY SULLIVAN, ESQ.     (SBN 136571)
3  RICHARD A. LOVICH, ESQ.  (SBN 113472)
4  GREGORY C. LEHMAN, ESQ. (SBN 199515)
   303 N. Glenoaks Blvd., Suite 700
5  Burbank, CA 91502

6  Telephone:  (818) 559-4477
7  Facsimile:   (818) 559-5484

8  Attorneys for Plaintiff
   LUCILE SALTER PACKARD CHILDREN'S
9  HOSPITAL AT STANFORD, a California non-
10 profit public benefit corporation

11                UNITED STATES DISTRICT COURT
12                NORTHERN DISTRICT OF CALIFORNIA
13                     SAN JOSE DIVISION
14

| | |
|---|---|
| 15  LUCILE SALTER PACKARD<br>16  CHILDREN'S HOSPITAL AT<br>    STANFORD, a California non-profit<br>17  public benefit corporation,<br>18           Plaintiff,<br>19      vs.<br>20  HEALTH PLAN OF NEVADA, INC., a<br>21  Nevada for-profit corporation, and<br>    DOES 1 THROUGH 25, INCLUSIVE<br>22<br>23           Defendants<br>24 | E- Filing<br><br>Case No.:   C08-02391 PVT<br><br>Assigned to the<br>Hon. Patricia V. Trumbull<br><br>JOINT CASE MANAGEMENT<br>STATEMENT PURSUANT TO FRCP<br>RULE 26 PRIOR TO INITIAL CASE<br>MANAGEMENT CONFERENCE<br><br>DATE:    August 26, 2008<br>TIME:    2:00 p.m.<br>DEPT.:   Courtroom 5 |

25
26        Plaintiff Lucile Salter Packard Children's Hospital at Stanford, a
27 California non-profit public benefit corporation ("Hospital") and Defendant Health
28 Plan Of Nevada, Inc ("HPN") submit the following Joint Case Management

frcp 26(f) report.doc          - 1 -    JOINT CASE MANAGEMENT STATEMENT

Report.

1. **Jurisdiction and Service**

The basis for the court's jurisdiction is diversity under 28 U.S.C. §1332 which may be removed pursuant to 28 U.S.C. § 1441(a) as the parties are citizens of different states and the amount in controversy is over $75,000.

2. **Facts**

Hospital asserts that this matter involves a dispute over payment for medical services provided by Hospital to a patient named E.B. ("Patient"), whom Hospital alleges was covered by an insurance policy issued by HPN. Hospital alleges that on January 12, 2005, it admitted and treated E.B. until his / her discharge on January 28, 2005. During the patient's stay, Hospital alleges it called Lifetrac, an agent of HPN, and verified that the patient was insured through HPN. Lifetrac issued an authorization number of 050120419.

Hospital further asserts it submitted a claim to HPN on February 2, 2005 in the amount of $132,843.34. HPN denied payment of the claim stating that it was awaiting information from Patient, and/or Patient's family, regarding the existence of additional coverage. To date, the bill remains unpaid.

HPN asserts that primary health coverage may be the responsibility of another insurance provider.

////
////
////

3.  **Legal Issues**

Did the phone call between Hospital and Lifetrac, verifying coverage and authorizing treatment, form a contract in which Hospital would treat the patient and HPN became obligated to pay for that treatment?

Is HPN entitled to refuse payment to Hospital, for medical treatment of its insured, because of its insured's refusal to provide information about the existence of other medical insurance coverage?

By refusing to pay for services rendered to Patient (both before and after the alleged contract formation), did HPN breach any of the parties' alleged contracts?

Is HPN responsible for the medical treatment of Patient if it is not the provider of primary coverage for Patient?

4.  **Motions**

No prior motions have been filed.

Hospital believes that, based upon review of the operative complaint and the facts therein alleged, there is a need to make a motion for leave of the court to amend its complaint. Hospital's amendments would concern the allegations regarding the existence of a letter of agreement ("LOA") in the complaint. Upon discussion with counsel during the joint conference of counsel, and further review of the claim at issue, Hospital believes that references to the LOA in the complaint need to be stricken. Hospital will request that HPN stipulate to the filing of an amended complaint for this purpose.

1   HPN believes that additional records and information may need to be
2 procured from third parties located outside the Northern District, and outside the
3 geographical limits of California.  Namely, HPN contemplates the possible filing
4 of a motion to enforce its document requests on such out-of-state third parties
5 and/or respond to a motion to quash the same in the District Court of Nevada.
6
7   HPN also believes that third party witnesses located outside the Northern
8 District, and outside the geographical limits of California, may need to be
9 subpoenaed to testify at deposition.
10
11   HPN believes that an action in Nevada, or in the district(s) where the
12 subpoenaed third party(s) is located, to enforce its subpoena(s) may be necessary
13
14   HPN has indicated a possible need for a motion for a protective order.
15 Hospital is willing to enter into a stipulation for this purpose, provided the
16 language of such a stipulation is mutually agreeable.
17
18 5.    **Amendment of Pleading**
19
20   A First Amended Complaint will likely be filed after Hospital has the
21 opportunity to address such amendment with HPN's counsel.
22
23 6.    **Evidence Preservation**
24
25   The parties do not foresee an issue regarding evidence preservation.
26 ////
27 ////
28 ////

7. **Disclosures**

The parties will have made their disclosures pursuant to FRCP 26 by the time of the case management conference.

8. **Discovery**

The parties have not yet begun discovery.  The parties anticipate serving written discovery and taking at least one deposition of a person most knowledgeable / qualified each.  The parties anticipate that discovery will be completed within 180 days and don't anticipate that a modification of discovery rules will be necessary.

9. **Class Actions**

This matter is not a class action.

10. **Related Cases**

The parties are unaware of any related cases.

11. **Relief**

Hospital seeks full payment of charges for medical services it rendered to the patient.  This amounts to either $92,990.34 or $132,843.34, as alleged in the operative complaint.  Hospital also seeks interest on these amounts at 15% per annum under Cal. Health & Safety Code § 1371, or, in the alternative, at 10% per annum under Cal. Civ. Code § 3289.

12. **Settlement and ADR**

The parties have not begun settlement discussions, but have agreed to mediate this matter through the Court's mediation service. A date has not been set as a final operative pleading has not been filed. The parties wish to utilize the Early Neutral Evaluation (ENE) option provided by the Northern District following initial disclosures.

Once a amended Complaint is filed, Hospital will likely require that written discovery in the form of interrogatories, requests for admission, and requests for production will need to be conducted prior to the ENE review. Additionally, Hospital would likely need to conduct at least one person-most-qualified deposition of HPN.

HPN will seek to subpoena the employer of Patient's father for evidence of primary medical coverage during the relevant period. HPN may also depose the Patient's father.

13. **Consent to Magistrate Judge For All Purposes**

The parties do not consent to have a magistrate judge conduct all proceedings.

14. **Other References**

The parties agree that this matter is not suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties do not think that the issues need to be furthered narrowed in this matter.

16. **Expedited Schedule**

The parties do not believe that this case needs to be handled on an expedited schedule.

17. **Scheduling**

The parties would like to discuss scheduling of dates in this matter at the hearing due to the anticipation that each party will be filing motions in this matter, beginning with Hospital seeking leave to file a First Amended Complaint.

18. **Trial**

The parties request a bench trial and estimate that the length of trial will be three days.

19. **Disclosure of Non-Party Interested Entities or Persons**

Plaintiff asserts that it is unaware of any other interested parties other than the parties to this lawsuit.

////

////

////

20. **Other Matters**

The parties are not aware of any other matters to discuss with the court that have not already been mentioned in this joint statement.

Dated: 18 August 2008

                              STEPHENSON, ACQUISTO & COLMAN

                              /s/ GREGORY C. LEHMAN
                          _____
                              GREGORY C. LEHMAN
                                 Attorneys for
                           LUCILE SALTER PACKARD
                           CHILDREN'S HOSPITAL AT
                 STANFORD, a California non-profit public
                             benefit corporation

                                     JONES VARGAS

                                /s/ ANDREW WONG
                          _____
                                 ANDREW WONG
                                 Attorneys for
                         HEALTH PLAN OF NEVADA, INC.,
                         Nevada for-profit corporation